IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

LINDA WISE, )
)
    Plaintiff, )
)
    v. ) No. 11-cv-3429
)
LIFE INSURANCE COMPANY )
OF NORTH AMERICA, )
)
    Defendant. )

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

    This matter comes before the Court to determine the appropriate scope of discovery.  This is an action for benefits brought under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §1132(a)(1)(B).  Plaintiff Linda Wise is seeking accidental death benefits under an ERISA qualified benefit plan (Plan) sponsored by her late husband Michael Wise's employer, Honeywell International, Inc.  The Plan was underwritten by Defendant Life Insurance Company of North America (LINA) pursuant to the terms of a group insurance policy (Policy).  See Notice of Removal (d/e 1) attached Complaint for Declaratory Judgment; Defendant's Position Statement Relative to Extent and Scope of Discovery

(d/e 9) (LINA Position Statement), at 1.  LINA denied her claim for benefits, and Wise then brought this action for benefits.

The parties dispute the appropriate scope of discovery.  See Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f) (d/e 7) (Proposed Discovery Plan), at 2-3.  LINA proposes that the case be decided on the administrative record without discovery.  Wise proposes a number of areas of discovery related to the cause and circumstances of Michael Wise's death and into areas related to LINA's process and procedures in adjudicating claims and into possible conflicts of interest.  Proposed Discovery Plan ¶4(a).[1]

---

[1]Paragraph 4 states, in part:

4. Discovery Plan: The parties do not agree on whether discovery is appropriate. It is LINA's position that the burden is on Plaintiff to demonstrate the necessity of any discovery sought in accordance with the Seventh Circuit's ruling in Patton v. MFS/Sun Life. LINA further objects to Plaintiff's proposed topics of discovery as inappropriate under either standard of review. Plaintiff proposes to the Court the following:
    a. At this time, it is anticipated that Plaintiff will need discovery on the following items:
        1. The compilation and consideration of all relevant documents of the Policy for review of Plaintiff's claim for benefits;
        2. The Policy's personnel, process, and procedure for claims adjudication and administrative review of claims decisions;
        3. Interpretation and construction of Policy terms and provisions by Policy's administrator;
        4. The existence and effect, if any, of a conflict of interest for the Policy or its administrators;
        5. The Plaintiff anticipates the introduction of additional evidence necessary to enable this Court to make an informed and independent judgment;

The Court noted the dispute, canceled the Rule 16 scheduling conference, and directed the parties to submit briefs on the appropriate scope of discovery.  <u>Text Order entered February 7, 2012</u>.  The Court has read the parties' submissions and the reviewed the applicable law.  For the reasons set forth below, the Court adopts  Wise's proposed scope of discovery set forth in the Proposed Discovery Plan ¶ 4(a); provided however, that if the uncertainty regarding the standard of review is resolved (whether arbitrary and capricious or *de novo*), then the Court would consider limiting the scope of discovery to matters relevant to the appropriate standard of review.

The standard of review in uncertain at this time.  Wise asserts that the scope of review is *de novo*.  <u>Plaintiff's Brief Concerning the Availability and Scope of Pretrial Discovery (d/e 8) (Wise Position Statement)</u>, at 2.  LINA states that based on the documents in its possession at this time *de novo* review is appropriate; however, "LINA reserves its right to assert an arbitrary and capricious standard of review should plan documents be

---

6. The Plaintiff anticipates deposing Michael Packer, M.D.
7. The Plaintiff anticipates deposing Dr. Scott Denton, Forensic pathologist;
8. The Plaintiff anticipates deposing any individuals necessary to accomplish the aforementioned discovery needs;

<u>Proposed Discovery Plan</u> ¶4(a).

located which confer express discretionary authority upon the Company." Lina Position Statement, at 2 n.1.  This uncertainty is important because the standard of review significantly affects the scope of discovery.

Generally, Courts review ERISA claims for benefits *de novo*. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 112-14 (1989); Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 980 (7th Cir. 1999).  The Court decides whether the claimant is entitled to benefits under the terms of the plan and the facts and circumstances of the case without regard to the decision made by the plan administrator.  Krolnik v. Prudential Ins. Co. of America, 570 F.3d 841, 843 (7th Cir. 2009).  If, however, the plan documents give the plan administrator discretionary authority to interpret the plan and to determine benefit eligibility, then the Court applies a deferential standard of review to the plan administrator's decision to determine whether the decision was an abuse of discretion.  See Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 108 (2008); Firestone Tire and Rubber Co., 489 U.S. at 115.  Courts also use the term arbitrary and capricious to describe the deferential standard of review.  See e.g., Marrs v. Motorola, Inc., 577 F.3d 783, 786 (7th Cir. 2009). In such cases, the Court reviews the decision based on the administrative record that was before the plan administrator.  Vallone v. CNA Financial Corp., 375 F.3d 623, 629 (7th Cir. 2004).

A case subject to the *de novo* review should be handled like any contract case.  Krolnik, 570 F.3d a 843.  In this case, the issue is whether Michael Wise's death entitled his beneficiary Linda Wise to accidental death benefits under the terms of the Plan.  Wise proposes discovery regarding the facts and circumstances of Michael Wise's death.  See Proposed Discovery Plan ¶¶ 4(a)(5)-(a)(8).  This would be appropriate in a typical insurance contract case to see if his death was accidental.

Wise also seeks all relevant documents of the Policy for review of Wise's claim.  Proposed Discovery Plan ¶4(a)(1).  This information may lead to relevant evidence regarding the meaning of the terms of the Plan.  The Court will interpret the meaning of the Plan.  Where the plan documents are unambiguous, the Court will not look beyond the language in the documents.  The Court will decide as a matter of law whether ambiguities exist.  Any ambiguities will be strictly construed against plan and in favor of the beneficiary. See Central States, Southeast and Southwest Areas Pension Fund v. Waste Management of Michigan, Inc., __ F.3d __, 2012 WL 638502, at *3 (7th Cir. 2012); Hammond v. Fidelity and Guar. Life Ins. Co., 965 F.2d 428, 430 (7th Cir. 1992).  Under the *de novo* review standard, Wise should be able to discover all the relevant Plan documents to determine the meaning of the Plan and to see if any ambiguities exist.

LINA argues that Wise is not entitled to any discovery in a case under *de novo* review unless she can first demonstrate that additional evidence is necessary to enable the Court to make an informed and independent decision.  The cases cited by LINA generally address admissibility at trial.  Those cases hold that the Court has discretion whether to decide the case on the administrative record.  E.g., Estate of Blanco v. Prudential Ins. Co. of America, 606 F.3d 399, 402 (7th Cir. 2010); Casey v. Uddeholm Corp., 32 F.3d 1094, 1099 (7th Cir. 1994).  The Court may admit additional evidence if the Court determines in its discretion that the evidence is necessary to make an informed and independent judgment. Casey, 32 F.3d at 1099.

The issue before the Court, however, is the scope of discovery, not scope of admissibility.  An ERISA action for benefits under *de novo* review should have the same scope of discovery as any other contract case.  See Krolnik, 570 F.3d at 843.  The scope of discovery is broad.  A party may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  If the information sought is unnecessary in light of the evidence in the administrative record, the Court may enter a protective order to limit

discovery to avoid undue burden or expense. See Krolnik, 570 F.3d at 843; Fed. R. Civ. P. 26(c)(1). LINA, however, has not yet made a showing that such a protective order is appropriate in this case.

LINA also relies the opinion in Patton v. MFS/Sun Life Financial Distributors, Inc., 480 F.3d 478 (7th Cir. 2007). The Patton Court held that the District Court abused its discretion in limiting discovery because the administrative record had significant gaps that needed to be filled. Patton, 480 F.3d at 491-92. The Patton holding is consistent with the scope of discover allowed under Rule 26(b)(1) and the Seventh Circuit's later decision in Krolnik that *de novo* review cases should be handled the same way as other contract cases. Wise's proposed discovery in ¶¶ 4(a)(1) and (a)(5)-(a)(8) of the Proposed Discovery Plan would be appropriate in a typical contract case.

If the case is subject to the arbitrary and capricious standard of review, then the Court reviews the administrator's decision in light of the evidence known at the time of the decision. See Glenn, 554 U.S. at 111. The evidence is generally limited to the administrative record. Vallone, 375 F.3d at 629. Wise's proposed discovery regarding the facts and circumstances of Michael Wise's death would not be relevant if the deferential standard applies.

If the deferential standard applies, though, evidence that the plan administrator had a conflict of interest that affected the decision might be relevant. Glenn, 554 U.S. at 111; Marrs, 577 F.3d at 789. Discovery may be allowed regarding the plan administrator's possible conflict of interest and whether that conflict may have affected the decision. See Baxter v. Sun Life Assur. Co. of Canada, 713 F.Supp.2d 766, 771-72 (N.D. Ill. 2010). The availability of such discovery and the permissible scope of discovery may depend on the circumstances of the case. See Id.; but see, Allen v. HSBC–North America (U.S.) Retirement Income Plan, 2010 WL 3404966, at *3 (N.D. Ill. August 24, 2010).[2] Evidence regarding conflicts of interest, however, would be irrelevant in a *de novo* review case because the Court reviews the matter without regard to the administrator's decision. Krolnik, 570 F.3d at 843.

Wise proposes to conduct discovery to determine LINA's possible conflicts of interest and any effect such conflicts may have had on the decision in this case. See Proposed Discovery Plan, ¶¶ 4(a)(1)-(a)(4), and

---

[2]The District Courts in this Circuit have disagreed regarding whether the Supreme Court's decision in Glenn changed the prerequisites for allowing discovery on conflicts of interests in this Circuit. See Baxter, 713 F.Supp.2d at 771-72 and the cases cited therein; but see Allen, 2010 WL 3404966, at *3 and the cases cited therein (discussing the effect of the Glenn decision on the decision in Semien v. Life Ins. Co. Of North America, 436 F.3d 805, 814-15 (7th Cir. 2006)). The parties have not briefed this issue so the Court does not address this issue at this time.

(a)(8).³ These discovery proposals may be within the appropriate scope of an ERISA case in which the deferential standard of review applies.

At this point, the standard of review is unresolved. The Plan documents currently available indicate that the scope of review is *de novo*, but, "LINA reserves its right to assert an arbitrary and capricious standard of review should plan documents be located which confer express discretionary authority upon the Company." Lina Position Statement, at 2 n.1. Given that documents may exist that confer discretionary authority, the standard of review may be either *de novo* or arbitrary and capricious. Since both standards are possible, discovery related to both standards meets the broad standard of relevance under Rule 26. The parties, therefore, the Scheduling Order should include the entire scope of discovery proposed by Wise.

When LINA completes its document review and determines its position on the standard of review, the scope of discovery could be limited. The parties could either stipulate or LINA could seek partial summary judgment on the determination of the standard of review. See Fed. R.

---

³Paragraphs 4(a)(1) and (a)(8) would apply to discovery under either standard of review. Paragraph 4(a)(1) proposes discovery of Plan documents. The Plan documents would be relevant under either standard of review. Paragraph 4(a)(8) proposes three to five depositions to effectuate the other proposed discovery. The deposition proposal would apply to all the proposed discovery.

Civ. P. 56(g). Under either alternative, the matter would be resolved and the scope of discovery could be narrowed. At this point the matter is unresolved, and so, discovery relevant to both standards of review may proceed. The Court will not limit discovery to matters relevant to *de novo* review based on LINA's tentative position and then, later, have LINA produce Plan documents that establish that the arbitrary and capricious standard is appropriate. Such an outcome would cause needless delay and expense. LINA can avoid this possibility and resolve the scope of review issue by completing its review of Plan documents.

WHEREFORE, the Court adopt's Plaintiff Linda Wise's proposed scope of discovery set forth in the Proposed Discovery Plan ¶ 4(a); provided however, that if the uncertainty regarding the standard of review is resolved (whether arbitrary and capricious or *de novo*), then the Court would consider limiting the scope of discovery to matters relevant to the appropriate standard of review. The Rule 16 Scheduling Conference is reset for Thursday, May 10, 2012, at 10:00 a.m. by telephone before this Court. The Court will place the call. The parties are directed to submit a revised discovery plan consistent with this Opinion by May 8, 2012. The revised discovery plan must also comply with the instructions in the Text Order entered January 9, 2012, that are consistent with this Opinion. Lead

counsel or other counsel of record with knowledge of the case should be available to participate in the Rule 16 scheduling hearing.

ENTER:    April 10, 2012.

      *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE